422 P.2d 71

**Earl E. AUSTIN, Plaintiff-Appellant,**

**v.**

**STATE of Idaho, Defendant-Respondent.**

**No. 9707.**

Supreme Court of Idaho.

Dec. 29, 1966.

W. Bruce Bowler, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and John S. Simko, Asst. Atty. Gen., Boise, for respondent.

TAYLOR, Justice.

Upon plaintiff's (appellant's) petition, a writ of habeas corpus was issued by the District Court of the Third Judicial District. As directed therein, the warden of the state penitentiary produced plaintiff in court and made return that he detained plaintiff under and by authority of two judgments and orders of commitment made

and entered by the District Court of the Second Judicial District, in and for Clearwater County. Both judgments were dated August 28, 1964: by the first, the plaintiff was adjudged guilty of grand larceny and ordered confined in the state penitentiary for a period of not less than two, nor more than 14 years; by the second, the plaintiff was adjudged guilty of forgery and ordered confined in the state penitentiary for not less than two, nor more than 14 years; the two sentences to be served concurrently.

Plaintiff was given a hearing by the District Judge of the Third Judicial District. At the opening of the hearing, the court advised plaintiff that it lacked authority to appoint counsel to represent him upon the hearing, but if he desired and was able to procure counsel himself, he would be given an opportunity to do so. Plaintiff responded that he was without funds to employ counsel and would have to proceed pro se.

The state called the warden as a witness and produced the judgments and commitments under which plaintiff was held. Plaintiff was then sworn and testified in his own behalf. His narrative of events leading to the convictions is vague and indefinite in some respects; however, the following is gleaned therefrom.

Plaintiff and two women, Gail Whitley and Jan Milburn, constituted a "team" or "crew" as part of a national organization selling magazines. They were operating in Clearwater County. They "weren't doing too good" so the three "forged a bunch of checks in Orofino." That night the plaintiff took the money, the proceeds of the forgeries, from the possession of Gail Whitley. The next morning she procured the issuance of a warrant and plaintiff was arrested.

August 25, 1964, plaintiff was taken before the district judge in Orofino and arraigned on a charge of grand larceny. He was asked if he wanted an attorney, to which he responded that he did not. His testimony is not clear as to whether he pleaded guilty to the forgery charge on this first appearance in court, or later in the day. He asked for time for judgment; was returned to his cell; there he was visited by the prosecuting attorney, who told him that he also had a charge of forgery pending against plaintiff; that if plaintiff would plead guilty to both charges he would recommend to the judge that the sentences on each be made to run concurrently; that if he should plead not guilty, the prosecutor would file forgery charges on 13 other checks purported to have been forged by plaintiff, and that he would also charge plaintiff as a "persistent violator"; that the judge would not return to Orofino for two weeks, but if plaintiff would go along and plead guilty now, he could be taken back into the courtroom and have judgment pronounced on the pending larceny and forgery charges. Plaintiff was then taken back into the courtroom where he waived further time, pleaded guilty to both pending charges, and judgment of not less than two, nor more than 14 years in the penitentiary was pronounced on each charge, to be served concurrently.

In this habeas corpus proceeding in the district court, plaintiff contended that his guilty pleas were entered by him under duress and coercion occasioned by the threats of the prosecuting attorney to charge him with additional forgeries and as a persistent violator. In his testimony, in response to questions put to him by the district judge, plaintiff freely admitted his part in the forgeries, and that he took the money from Gail Whitley; but he did not consider the taking was a larceny because the money did not belong to Gail. The district court found:

> "That the Petitioner was capable of weighing the consequences of his act in pleading guilty or not pleading guilty and his free choice had not been taken from him by any actions of the Prosecuting Attorney.

> "That the actions of the Prosecuting Attorney did not constitute such coercion or duress as would have caused an innocent person to plead guilty.

"That the Petitioner herein has not been deprived of due process and was not coerced into entering a plea of guilty to the charges of grand larceny and forgery."

Judgment was entered quashing the writ and remanding plaintiff to the custody of the warden of the penitentiary. Plaintiff brought this appeal from the judgment. At plaintiff's request and upon his showing of indigency, this court appointed counsel to represent plaintiff on this appeal.

Plaintiff assigns as error the finding of the trial court that his pleas were freely and understandingly entered by him, and were not induced by duress or coercion; and that the court erred in refusing to appoint counsel to represent him at the hearing in the district court.

No witness was called by the state, except the warden, and no evidence was offered to rebut plaintiff's testimony as to the circumstances under which he entered the guilty pleas. As we view the record, plaintiff's sworn testimony, unrefuted, was sufficient to make a prima facie case of coercion on the part of the prosecuting attorney. Letters v. Commonwealth, 346 Mass. 403, 193 N.E.2d 578 (1963); United States v. Tateo, 214 F.Supp. 560 (S.D.N.Y. 1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); State v. Lawrence, 70 Idaho 422, 220 P.2d 380 (1950).

"* * * A plea of guilty is, of course, frequently the result of a 'bargain,' but there is no bargain if a defendant is told that, if he does not plead guilty, he will suffer consequences that would not otherwise be visited upon him. To capitulate or enter a plea under a threat of an 'or else' can hardly be regarded as the result of the voluntary bargaining process between the defendant and the People sanctioned by propriety and practice. * * * the writ of error *coram nobis* is justified if it appears that a prosecut-

ing official threatened to revive five-year-old indictments [citations] and see to it that the punishment inflicted would be made especially severe if the defendant insisted on a trial and did not plead guilty." People v. Picciotti, 4 N.Y.2d 340, 175 N.Y.S.2d 32, 35, 151 N.E.2d 191, 193–194 (1958).

"It is the court's understanding that the practice of prosecuting attorneys of not filing prior convictions under prior offender statutes where the plea to the current charge is guilty, but filing such priors if the plea is not guilty and the case has to be tried, is quite common in Montana and elsewhere. It is debatable whether such practice involves a proper use of the prior offender statute. Undoubtedly the practice may result in many instances in coercing pleas of guilty which would not otherwise be entered. On the other hand, a defendant who would otherwise plead guilty in any event suffers no prejudice in not having his sentence extended by the pleading and proof of prior offenses." Alden v. State of Montana, 234 F.Supp. 661, 670 (D.C. Mont.1964).

The state cites Stoeckle v. Burke, 241 F.Supp. 157 (D.C.E.D.Wis.1965); Bailey v. MacDougall, 247 S.C. 1, 145 S.E.2d 425 (1965); Cortez v. United States, 337 F.2d 699 (9th Cir. 1964); Sorrenti v. United States, 306 F.2d 236 (5th Cir. 1962); Kent v. United States, 272 F.2d 795 (1st Cir. 1959); Thompson v. Smith, 33 Wash.2d 142, 204 P.2d 525 (1949); for the proposition that a promise to recommend leniency upon a plea of guilty, if kept, is not coercion, and that to show coercion a defendant must show that he was threatened with illegitimate action. In those cases, with the exception of Thompson v. Smith, the inducement offered was the recommendation of a lighter sentence for a plea of guilty; threats of vindictive action involving other possible charges were not made; and the petitioners were represented by counsel at the "bargaining" sessions, thus

reducing to a minimum the possibility that the petitioners were coerced. In Thompson v. Smith, the petitioner testified the prosecutor threatened him with an habitual criminal charge. There, however, the prosecutor was sworn, denied the alleged threat, and testified that when petitioner asked what he would do regarding the habitual criminal charge if petitioner pleaded not guilty, the prosecutor replied he would have to await the outcome of the trial before deciding what to do.

In Burge v. State, 90 Idaho 473, 413 P. 2d 451 (1966), the plaintiff was represented by counsel at the time of the alleged coercion.

█ Although this court has said that a petitioner in habeas corpus proceedings is not entitled, as of right, to have an attorney appointed by the court at public expense, Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475, cert. den. 356 U.S. 941, 78 S.Ct. 785, 2 L.Ed.2d 816 (1956), in the case of a petition by one incarcerated on a conviction of criminal offense, where it appears that the petition is not frivolous, but presents an issue requiring a hearing, the district court should appoint counsel to represent the petitioner if he is financially unable to obtain counsel for himself. Freeman v. State, 87 Idaho 170, 392 P.2d 542 (1964); People v. Shipman, 62 Cal.2d 226, 42 Cal.Rptr. 1, 397 P.2d 993 (1965); Brown v. Cameron, 122 U.S.App.D.C. 297, 353 F. 2d 835 (1965); United States ex rel. Marshall v. Wilkins, 338 F.2d 404 (2nd Cir. 1964); United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707 (2nd Cir. 1960).

█ Plaintiff also contends that he did not, knowingly and intelligently, waive his right to counsel upon his arraignment. The trial court should also make a finding on that issue.

The judgment is reversed and the cause is remanded to the district court with directions to reopen the hearing and permit the state and the plaintiff to offer further evidence on the issues raised; and, if the state elects to proceed further, to appoint counsel to represent plaintiff upon such further hearing.

McFADDEN, C. J., and McQUADE, SMITH and SPEAR, JJ., concur.