[No. 10977-4-I. Division One. June 13, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. THEMAR EUGENE SERR, *Appellant.*

6

*Raymond H. Thoenig* and *James E. Sedney* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Andrew Hamilton, Deputy,* for respondent.

SWANSON, J.—Themar Eugene Serr was interrogated by police at his Pacific, Washington, residence in March 1981. The police obtained his consent to search the residence and adjoining property. During the search, the police seized pieces of equipment including tractors, trailers, and vehicle parts. Serr was then on parole.

In April 1981 Serr was charged with possession of stolen

property in the first degree. In August 1981 a jury returned a guilty verdict, and 6 days later the State filed a supplemental information alleging that he is a habitual criminal. Serr was tried before a jury and was found to be a habitual criminal.

Serr appeals only from the judgment and sentence based on the habitual criminal finding. He claims the trial court erred because: (1) the terms of the habitual criminal statute and amended supplemental information precluded use against him of his 1969 grand larceny conviction, (2) his three prior convictions should not have been used against him because they rest on unconstitutional jury instructions, (3) the State failed to prove he had waived his right to appeal his prior convictions, (4) the prosecution filed the habitual criminal charge out of vindictiveness, (5) he was denied effective assistance of counsel, and (6) the trial court failed to enter written findings of fact when revoking his probation. We conclude that all assignments of error are without merit.

■ Serr's first claim is that RCW 9.92.090, which authorizes a habitual criminal finding for a defendant "who shall previously have been twice convicted . . . of any crime which under the laws of this state *would amount to a felony*" (italics ours), requires proof that the crime remains a felony at the time of the habitual criminal trial. Serr is mistaken. Prior convictions used in habitual criminal proceedings must only have been felonies at the time of perpetration. *State v. Frederick,* 32 Wn. App. 624, 648 P.2d 925 (1982). *State v. Ross,* 30 Wn. App. 324, 634 P.2d 887 (1981); *State v. Castillo,* 23 Wn. App. 519, 596 P.2d 312 (1979).

■ Serr's second claim of error concerns count 4 of the amended supplemental information which charged:

> That the defendant Themar Eugene Serr, in King County, Washington, was convicted of the crime of three counts of grand larceny, in that he was found guilty, on or about June 16, 1969, and was sentenced for said offense on August 7, 1969, said crime amounting to and

being a felony at that time *and at all times since* under the laws of the state of Washington.

(Italics ours.) Appellant asserts that the State made proving the theft was a felony "at all times since" an element which had to be proven beyond a reasonable doubt to support the count. Appellant claims that because the State could not prove that the 1969 grand larceny conviction was still a felony, there was insufficient evidence to present count 4 of the amended supplemental information to the jury.

The words about which Serr complains are merely surplusage that could not have prejudiced him. The inclusion of the surplus phrase in the information did not make the content of the phrase an element of habitual criminal status.

Serr's third claim of error is that he was denied due process of law because, during the habitual criminal trial, evidence was admitted of prior convictions allegedly resulting from unconstitutional jury instructions.

Serr's complaint focuses upon his conviction in 1969 for grand larceny and in 1971 for taking and riding a motor vehicle without the owner's permission because in each jury trial the instruction disapproved of in *Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979) was given.[1] Serr says that it is impossible to determine whether he in both cases took proper exception to the jury instructions. He requests a remand to the trial court for preparation of a record which is adequate to adjudicate the claimed constitutional error in the prior trials.

Serr's second claim of a constitutionally infirm conviction relates to a 1976 conviction for possession of stolen property in the first degree. In that case a definition of knowledge was used which is recognized today as an unconstitutional interpretation of the statutory definition

---

[1]The instructions disapproved of in *Sandstrom v. Montana, supra* at 513, stated, "'[t]he law presumes that a person intends the ordinary consequences of his voluntary acts.'"

of guilty knowledge. *State v. Shipp,* 93 Wn.2d 510, 610 P.2d 1322 (1980). Serr also complains that during the 1976 trial an instruction was given to the jury stating, "You are not to go beyond the evidence to hunt up doubts, nor must you entertain such doubts as are merely vague, imaginary, or conjectural." While trial counsel did not take an exception to the court's reasonable doubt instruction, he did propose an alternative instruction. Serr claims that the reasonable doubt instruction was constitutionally misleading.

■ Appellant does not indicate where in the trial court record of the habitual criminal proceeding the issue of constitutionally invalid convictions was raised. In order to preserve error for consideration on appeal, the alleged error must first be called to the trial court's attention to afford the court an opportunity to correct the error. *State v. Wiley,* 26 Wn. App. 422, 613 P.2d 549 (1980); *State v. Wicke,* 91 Wn.2d 638, 591 P.2d 452 (1979).

In some cases a defendant may challenge for the first time on appeal the validity of a guilty plea supporting a prior conviction used to show his status as a habitual criminal, *State v. Williams,* 98 Wn.2d 428, 656 P.2d 477 (1982); however, judgment and sentence entered after a plea of guilty involves different considerations than a conviction by a jury after a contested trial. Serr essentially asks us to extend *Williams* to convictions resulting from a jury trial. The United States Supreme Court has frequently admonished courts not to expand rules and rights in an insouciant fashion. *See, e.g., United States v. 12 200–ft. Reels of Super 8 mm. Film,* 413 U.S. 123, 127, 37 L. Ed. 2d 500, 93 S. Ct. 2665 (1972); *Hudson Cy. Water Co. v. McCarter,* 209 U.S. 349, 355, 52 L. Ed. 828, 28 S. Ct. 529 (1908). The judicial process, to a considerable extent, consists of line-drawing. We believe that *Williams* constitutes a line of demarcation across which we should not traverse, absent the imprimatur of the Supreme Court. To extend *Williams* to prosecutions involving jury trials would create a new method of collateral attack, *i.e.,* a reevaluation of the con-

stitutionality of prior criminal convictions resulting from jury trials. To obtain a habitual criminal conviction, under the approach pressed by Serr, the State would have to demonstrate the constitutional validity of outstanding convictions in jury trials whenever the defendant so insists notwithstanding prior appellate review. Yet, there is no evidence that the Legislature intended this procedure—a trial–within–a–trial followed by appellate review of the judgments used to prove the status—when it enacted the habitual criminal provision. Nor is there anything in *State v. Holsworth*, 93 Wn.2d 148, 607 P.2d 845 (1980) or its descendants to indicate the Supreme Court commands such an arrangement. Consequently, this court should not sanction a program which appears to be at variance with the intent of the Legislature and goes a substantial step beyond the teachings of *Holsworth* and *Williams*. Direct appeals and personal restraint petitions are the appropriate avenues of redress for the errors Serr alleges in his earlier convictions.

■ Serr claims that because the State failed to prove beyond a reasonable doubt that he had knowingly, intelligently, and voluntarily waived his constitutional right to appeal his prior convictions, none of those convictions was properly admissible in the habitual criminal proceeding. A defendant may challenge in a personal restraint petition that he did not knowingly, intelligently, and voluntarily waive his constitutional right of appeal, *see, e.g., In re Hanson*, 94 Wn.2d 798, 620 P.2d 95 (1980); however, there is no authority for the assertion that in habitual criminal proceedings the State must prove beyond a reasonable doubt that the defendant waived his appeal rights as to the prior convictions used to prove his habitual criminal status. *See State v. Chervenell,* 28 Wn. App. 805, 626 P.2d 530 (1981), *rev'd on other grounds,* 99 Wn.2d 309, 662 P.2d 836 (1983).

Serr claims the decision by the prosecutor to file a habitual criminal charge against Serr constituted prosecutorial vindictiveness. We disagree.

Prosecutorial vindictiveness is "intentional filing of a more serious crime in retaliation for a defendant's lawful exercise of a procedural right." *State v. McKenzie,* 31 Wn. App. 450, 452, 642 P.2d 760 (1981). The mere appearance of vindictiveness is not sufficient to establish a due process violation. *State v. McKenzie, supra* at 452–53. The filing of a habitual criminal charge is within the discretion of the prosecuting attorney, *see State v. Lee,* 87 Wn.2d 932, 558 P.2d 236 (1976); *State v. Ragan,* 22 Wn. App. 591, 593 P.2d 815 (1979), who may consider a wide range of factors in determining whether to file a charge. *See State v. Rowe,* 93 Wn.2d 277, 609 P.2d 1348 (1980).

A prosecutor may validly threaten to file habitual criminal charges during plea negotiations because the habitual criminal charge need not be filed contemporaneously with the underlying substantive offense. *Bordenkircher v. Hayes,* 434 U.S. 357, 54 L. Ed. 2d 604, 98 S. Ct. 663 (1978). As in *Bordenkircher,* the prosecutor in the case at bench apparently told the defendant during the plea bargaining process before trial that if the defendant did not plead guilty, habitual criminal proceedings would follow a conviction. Such conduct does not violate the due process clause of the Fourteenth Amendment. *Bordenkircher.* As the United States Supreme Court said in *United States v. Goodwin,* 457 U.S. 368, 73 L. Ed. 2d 74, 102 S. Ct. 2485 (1982), it is unrealistic to assume that a prosecutor's probable response to pretrial motions is to seek to penalize. A prosecutor should remain free before trial to exercise discretion to determine the extent of the societal interest in the prosecution. The initial charges filed by a prosecutor need not reflect the extent to which an individual is legitimately subject to prosecution. The mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unwarranted. Accordingly, we find no prosecutorial vindictiveness.

Serr claims he was denied effective assistance of counsel

in the habitual criminal trial. The claim is without merit. Serr asserts, essentially, that his counsel failed to interview witnesses, failed to adequately examine the trial court records of prior convictions, and failed to preserve for appeal any issue in the habitual criminal trial.

In Washington the current test to determine effectiveness of counsel has been articulated as follows:

> After considering the entire record, can it be said that the accused was afforded an effective representation and a fair and impartial trial? This test places a weighty burden on the defendant to prove two things: first, considering the entire record, that he was denied effective representation; and second, that he was prejudiced thereby.

(Citations omitted.) *State v. Jury,* 19 Wn. App. 256, 262–63, 576 P.2d 1302 (1978). We have recently declined to dispense with the prejudice requirement. *State v. Tuttle,* 26 Wn. App. 382, 612 P.2d 823 (1980).

There is insufficient evidence in the record to support Serr's allegation of ineffective assistance of counsel. The record reflects adequate preparation by Serr's attorney at the habitual criminal proceeding. Even if the contrary were correct, Serr did not demonstrate prejudice. Prejudice is an essential element of ineffective assistance of counsel and this court has put defendants on notice that they have the burden of showing prejudice. *State v. Jury, supra* at 264; *State v. Tuttle, supra* at 385.

Serr is well reminded that there is a presumption that court appointed counsel is competent, *State v. Piche,* 71 Wn.2d 583, 591, 430 P.2d 522 (1967), *cert. denied,* 390 U.S. 912 (1968), and an even stronger presumption that the trial court was not only competent but did its very best to ensure appellant a fair trial. *State v. White,* 5 Wn. App. 283, 292, 487 P.2d 243 (1971) (Williams, J., dissenting), *rev'd on other grounds,* 81 Wn.2d 223, 500 P.2d 1242 (1972). Counsel is not expected to perform flawlessly or to the highest degree of skill. He will be considered to have provided ineffective assistance only when his errors are so

substantial that no reasonably competent attorney would have performed in such a manner. *See State v. White, supra.* Moreover, the effectiveness and competence of counsel cannot be measured by the results obtained. Some defendants are so clearly guilty that no amount of skill can bring about an acquittal.

█ Serr's final claim is that he is entitled to have from the trial court written findings of the reason for revoking his probation. *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756, 1762 (1973). In Washington, a court's statements of reasons for revoking probation may take the form of an oral opinion. *State v. Lawrence,* 28 Wn. App. 435, 624 P.2d 201 (1981). When admitting the lengthy report of Serr's parole officer, the trial court stated that the report is "sufficient, of course, for revocation." The trial court's statement supplies sufficient reason for its decision.

Other issues raised are without merit.

Judgment affirmed.

CALLOW and RINGOLD, JJ., concur.

Reconsideration denied July 27, 1983.

Review denied by Supreme Court November 18, 1983.