846 P.2d 230

STATE of Idaho, Plaintiff–Respondent,

v.

Rickie STORM, Defendant–Appellant.

Nos. 19287, 19288.

Court of Appeals of Idaho.

Feb. 1, 1993.

Orndorff, Peterson, Hawley, Wight & Gilman, Boise, for defendant-appellant. Thomas D. Widman argued.

Larry EchoHawk, Atty. Gen., Boise, for plaintiff-respondent. Thomas P. Watkins, Deputy Atty. Gen., argued.

WALTERS, Chief Judge.

In this case we are asked to determine whether the district court erred when it concluded that Rickie Storm voluntarily pled guilty to a charge of aggravated assault upon a law enforcement officer when Storm entered his plea to avoid the prosecutor's threat of an enhanced sentence. Our review of the record indicates that Storm's plea was voluntary. Therefore, we affirm the judgment of conviction.

When Rickie Storm was stopped for speeding by Officer Grisham of the Mountain Home Police Department, he fled in his truck from the officer. He led Officer Grisham and several other officers on a high-speed chase on the highways near Mountain Home. According to the officers, during the chase Storm made several maneuvers which indicated he was attempting to injure the officers with the truck. The chase ended when Storm rolled his truck on the median strip. He was arrested and charged with felony driving under the influence, driving without privileges, and aggravated assault upon a law enforcement officer, the latter based on the allegation that he had used his truck as a deadly weapon against an officer.

After several continuances, he pled not guilty to all charges on October 4, 1990. A trial date of February 4, 1991, was set. The court minutes indicate, however, that near the end of January, Storm's counsel requested that the matter be "reset" for a change of plea on January 31. The court continued the matter, but, apparently, the hearing was not held. The next entry in the record is the court minutes for February 4, 1991, the time originally set for jury trial. At 9:00 a.m., defense counsel requested a continuance because, although the terms of the plea agreement were "essentially acceptable to the Defendant," Storm believed that the state was seeking a longer sentence than was merited and he wanted to discuss the matter with his wife before entering his plea or requesting a

trial. The state opposed the continuance and stated that if Storm did not plead guilty that day or if trial was continued, "all deals [were] off." The deal apparently was that, in return for the guilty plea, the state would recommend a six to ten year sentence for aggravated assault, dismiss several misdemeanor charges and the charge of driving without privileges, and not file a persistent violator charge. The prosecutor stated: "As part of the negotiations we had refrained, and I advised [counsel] and his client through [counsel], that we would not enhance this Defendant to an habitual offender ... in return for his plea." It is not clear in the record when the prosecutor so advised counsel. Storm asserts that it was at the February 4 hearing that he was first made aware his sentence could be enhanced if he was charged as an habitual offender.

The court interrupted the hearing until 1:00 p.m. to give Storm time to consider his options. When the hearing resumed Storm pled guilty to felony DUI and entered an *Alford*[1] plea to the charge of aggravated assault. The court imposed a unified sentence of ten years with a six-year minimum, to run concurrently with the fixed five-year term imposed for driving under the influence. On appeal, Storm argues that he was coerced into pleading guilty because, allegedly, it was not until the hearing to change his plea or begin trial that the state announced it would enhance the sentence with a persistent violator charge[2] if Storm did not plead guilty.

■ In order to be a valid plea, our federal and state constitutions require that a guilty plea must be made voluntarily, knowingly, and intelligently. *Amerson v. State,* 119 Idaho 994, 995–96, 812 P.2d 301, 302–03 (Ct.App.1991), *citing State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976); *State v. Hawkins,* 115 Idaho 719, 769 P.2d 596 (Ct.App.1989). When the validity of a guilty plea is examined on appeal, we undertake an independent review of the rec-

ord. *Id.* If the evidence surrounding the entry of the plea is conflicting, we will accept the trial court's findings of fact when supported by substantial evidence. *Id.* However, we will freely review the court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *Id.*

■ The transcript of the hearing on February 4 establishes that, after inquiry by the court, Storm stated he was entering his plea of his own free will, that no promises had been made to him, and that he had been provided sufficient time to talk to his attorney and discuss his rights. Storm acknowledged the proof required of the state if the case went to trial, the defenses available to him, and his alternatives should he go to trial. He stated that he understood his attorney's advice and ultimately entered his *Alford* plea. In spite of these representations, Storm argued then, as he does now, that he was coerced by the state's intent to seek a sentence enhancement. Having asserted his innocence through his *Alford* plea, he argued that the prosecutor's threat rendered his plea involuntary.

Ultimately, the court found that Storm understood the nature and consequences of his plea, that it was freely and voluntarily entered upon proper advice of counsel, and that there was a factual basis for both crimes. It is clear from the record that the court diligently sought to ensure that Storm entered a voluntary plea. The question, then, is whether the timing of the prosecutor's threat rendered the plea inherently involuntary. We hold that it did not.

■ Initially, Storm argues that the prosecutor's threat violated I.C.R. 7(e) and I.C. § 19–1420, thereby prejudicing his substantial rights. Idaho Criminal Rule 7(e) authorizes the amendment of an information any time before the prosecution rests its case, so long as no new offense is charged and the defendant is not preju-

1. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. The persistent violator statute, I.C. § 19–2514, states that upon a third felony conviction a

person shall be considered a persistent violator of the law and shall receive a sentence of from five-years to life.

diced. *State v. Guana,* 117 Idaho 83, 88, 785 P.2d 647, 652 (Ct.App.1989). Under I.C. § 19–1420, whether the prosecutor should be allowed to amend the information rests in the trial court's discretion. *Id.*

There was no violation and Storm was not prejudiced. First, persistent violator status is not a separate offense, but simply a determination that enlarges the potential sentence. *State v. Dunn,* 91 Idaho 870, 434 P.2d 88 (1967); *Guana, supra.* Second, there was no amendment of the complaint, merely the possibility of amendment depending on Storm's plea.

Next, Storm argues that Idaho case law establishes that the prosecutor's threat rendered his plea involuntary. In support of this proposition, he relies on *Austin v. State,* 91 Idaho 404, 422 P.2d 71 (1966). We are not persuaded that *Austin* stands completely for the position argued by Storm. In *Austin,* our Supreme Court reversed an order quashing a writ of habeas corpus and remanded the case to the district court for further testimony on the question of whether Austin's pleas of guilty to larceny and forgery were involuntary as a result of a prosecutor's threat to file other criminal charges, including a persistent violator allegation, against Austin. More accurately stated, *Austin* may be viewed as holding only that the issue of the effect of the prosecutor's threat needed further exploration, based upon the petitioner's prima facie showing, rather than suffering termination at the conclusion of the petitioner's testimony.

More recent cases have addressed circumstances where a plea of guilty may be entered to avoid a prosecutor's leveraged offer to file a persistent violator charge. In *Stone v. State,* 108 Idaho 822, 702 P.2d 860 (Ct.App.1985), we were presented with an appeal from a dismissal of a petition for post-conviction relief alleging error in prosecutorial actions very similar to those challenged here by Storm. Stone had pled guilty to grand theft by embezzlement, was sentenced, and did not appeal. After serving a portion of his sentence, he petitioned for relief based in part on the assertion that the prosecutor had coerced him into

pleading guilty by making "prejudicial statements" during the proceedings and by threatening to lodge habitual offender charges, along with an additional twenty-six counts in federal court, if Stone did not plead guilty. Stone did not allege that the additional charges were groundless, only that they were not filed. Stone was aware that his prior felony convictions made it possible for him to be charged as a persistent violator and did not allege that the prosecutor's conduct was fraudulent. In response to Stone's challenge, we stated:

> A prosecutor is at liberty to use the availability of filing additional, legitimate charges as a bargaining chip in plea negotiations. "A guilty plea induced by prosecutorial ... promise to refrain from filing additional charges does not necessarily vitiate an otherwise voluntary plea." *State v. Swindell,* 93 Wash.2d 192, 607 P.2d 852, 855 (1980). "Defendants advised by competent counsel and protected by procedural safeguards are presumptively capable of intelligent choice in response to prosecutorial persuasion, and unlikely driven to false self-condemnation." *Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). Stone admits his counsel was present when the "threats" were made. He does not allege any facts which would cast a shadow on the voluntariness of his guilty plea. Stone was thus "presumptively capable of intelligent choice in response to prosecutorial persuasion."

*Stone,* 108 Idaho at 824–25, 702 P.2d at 862–63.

Storm appears to fall within the quoted language. Implicitly, however, he argues that a shadow was cast on the voluntariness of his plea by the timing of the prosecutor's threat, allegedly made without notice at the February 4 hearing.

We find Storm's argument to be without merit. In *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), *reh. den.,* 435 U.S. 918, 98 S.Ct. 1477, 55 L.Ed.2d 511 (1978), quoted in *Stone,* the prosecutor did not file habitual criminal charges against Hayes until after

Hayes pled not guilty and insisted on a jury trial on forgery charges. Although the habitual criminal charge was not filed until after the plea was entered, the prosecutor's intent to seek the enhancement had been clearly expressed at the beginning of plea negotiations. Apparently, based on the timing of this threat, the Court found that Hayes was "thus fully informed of the true terms of the offer when he made his decision to plead not guilty." The Court further found that the prosecutor did not act vindictively when filing the enhancement charge against Hayes. However, it reiterated the fundamental rule that a prosecutor may not act vindictively and intentionally file a more serious crime in retaliation for a defendant's lawful exercise of a procedural right. *Bordenkircher,* 434 U.S. at 360, 98 S.Ct. at 666; *see also State v. Serr,* 35 Wash.App. 5, 664 P.2d 1301, 1305 (1983). The Court, however, restricted its holding to the facts presented and made an introductory comment to which Storm might incorrectly look for support. The Court stated:

> This is not a situation, therefore, where the prosecutor without notice brought an additional and more serious charge after plea negotiations relating only to the original indictment had ended with the defendant's insistence on pleading not guilty.

*Bordenkircher,* 434 U.S. at 360, 98 S.Ct. at 666.

This passage raises the question, then, of when is it too late for a prosecutor to threaten additional charges in order to persuade a plea? Our reading of the cases governing this issue indicate that the primary inquiries are whether the threat was made before trial or after, and whether the defendant was represented by counsel at the time.

■ As the quoted language in *Stone* indicates, threats made before trial, if supported by the facts and relayed to the defendant while counsel is present, do not offend the defendant's right to due process. *See also, United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (finding no vindictiveness in prosecu-

tor's filing of an additional felony charge after the defendant demanded a jury trial for a misdemeanor); *Craig v. State,* 484 N.E.2d 566 (Ind.1985) (a prosecutor may properly threaten a criminal defendant with a filing of an habitual offender charge to induce a guilty plea to another offense); *State v. Radi,* 250 Mont. 155, 818 P.2d 1203 (1991) (state's agreement not to pursue a persistent felony offender designation which could have enhanced sentence was comparable to dismissing a charge and weighed in favor of allowing a plea bargain to stand); *State v. Serr,* 35 Wash.App. 5, 664 P.2d 1301 (1983) (a prosecutor may validly threaten to file habitual criminal charges during plea negotiations); *State v. Dominguez,* 130 Ariz. 498, 637 P.2d 300 (Ct.App.1981) (a prosecutor during plea negotiations may threaten a defendant with a greater charge, supported by the facts, when an indictment on a lesser charge has been returned by a grand jury).

Different conclusions have been reached when greater charges are filed after appeal but before retrial or when, after retrial, the same judge who imposed the original sentence imposes a greater sentence after reconviction. *See Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (prosecutor could not reindict a convicted misdemeanant on a felony charge in retaliation for the defendant's invocation of an appellate remedy); *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (original trial judge was prohibited from imposing a harsher sentence on retrial) *overruled by Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

■ However, greater sentences or charges on retrial do not necessarily establish vindictive prosecution. *See Alabama v. Smith, supra,* (finding no vindictiveness in court's imposition of greater sentence at trial after guilty plea had been vacated); *Wasman v. United States,* 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984) (finding no vindictiveness in the court's imposition of a greater sentence after retrial— reason for greater sentence was articulated by the court and objectively ascertainable

in record); *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) (increased sentence upon retrial was not prohibited because sentence was imposed by a different jury than was assembled in the original trial and contained minimal chance of vindictiveness); *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) (where different court was involved in sentencing defendant after retrial and conviction, increased sentence was not prohibited).

 The decision whether to prosecute and what charge to file rests in the prosecutor's discretion. *State v. Campbell,* 114 Idaho 367, 372, 757 P.2d 230, 235 (Ct.App. 1988), *citing Bordenkircher, supra.* This discretion includes the filing of persistent violator charges. *Serr, supra,* 664 P.2d at 1305. The prosecutor's discretion is not unbridled, however, and may not extend to filing charges in retaliation for the exercise of legal rights. *Bordenkircher,* 434 U.S. at 363, 98 S.Ct. at 667. There is a certain amount of coercion inherent in charging a defendant and bringing him before the court to declare his guilt or innocence. *See Lockard v. State,* 92 Idaho 813, 815, 451 P.2d 1014, 1016 (1969). During plea bargaining, there is little chance of retaliation—or constitutionally excessive coercion—so long as the defendant is free to accept or reject the prosecutor's offers. *Bordenkircher,* 434 U.S. at 363, 98 S.Ct. at 667. We conclude that there was no excessive coercion in this case. The prosecutor's threat to file a persistent violator charge was made before trial and with counsel present. Storm was given time to consider his options, he was advised by competent counsel and protected by procedural safeguards. There was no ignorance, fear or fraud presented. *See, Lockard, supra.* In such a setting, Storm was presumed capable of responding intelligently to the threat. He has made no showing to the contrary. We reiterate the holding of the Court in *Bordenkircher:* "[T]he course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of foregoing trial or facing charges on which he was plainly subject to

prosecution, did not violate the Due Process Clause of the Fourteenth Amendment." 434 U.S. at 365, 98 S.Ct. at 365.

Based on the foregoing, we affirm the judgment of conviction entered upon the plea of guilty.

SWANSTROM and SILAK, JJ., concur.