**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36470**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 688 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 28, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBBIE DEE CROW, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and unified life sentence with twenty years determinate for robbery, affirmed.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge

Robbie Dee Crow appeals from his judgment of conviction for robbery, challenging the denial of his motion to withdraw his guilty plea and the length of his sentence.

**I.**

**BACKGROUND**

Within hours of being released from prison on parole, Crow entered a bank and demanded money from a bank teller. In this robbery, which was captured on video, Crow threatened the teller, leading her to believe he was armed. After taking over $4,000, he fled the bank but was arrested a short time later and charged with robbery, Idaho Code § 18-6501. Crow pleaded guilty pursuant to a plea agreement.

At his original sentencing hearing, Crow sought to withdraw his guilty plea because, he alleged, his counsel failed to inform him of the mental element and mandatory minimum

1

sentence for felony robbery, his plea was coerced, and he had been mentally incapable of making a knowing and voluntary plea due to depression. He argued that he would not have accepted the plea agreement and pled guilty but for these failures and circumstances. The district court allowed Crow to submit a motion to withdraw his plea and affidavit in support. Crow's attorney also submitted a motion requesting a hearing, but attached Crow's motion and affidavit in lieu of independent argument and authority. After a hearing at which Crow testified, the district court denied the motion. Crow filed another motion to withdraw his plea, arguing that his counsel did not fully present his arguments at the hearing on his motion and that he was denied the ability to present them himself. The court denied this motion as well. Crow was sentenced to a unified life term of imprisonment with twenty years determinate.

Crow argues on appeal that the district court abused its discretion in denying his motion because he presented a just reason to withdraw his guilty plea and the State would not have been prejudiced. Crow additionally argues that his right to counsel was violated when the district court failed to appoint new counsel to argue the motion on Crow's behalf because the motion was largely based on allegations of his current counsel's deficiencies. Crow also challenges his sentence, arguing that the district court abused its discretion by imposing an excessive sentence in light of mitigating factors.

## II.

## DISCUSSION

### A.     Motion to Withdraw Guilty Plea

Crow argues on appeal that he should have been allowed to withdraw his guilty plea on the basis of his claims that he received ineffective assistance of counsel, his plea was coerced, and he was provided insufficient time to consider whether to plead guilty. He claims his plea was coerced because he was given insufficient time to consider the State's plea bargain offer, was under mental duress because of the prosecutor threatening to file a persistent violator sentence enhancement and seek the maximum sentence, and was subjected to hostile surroundings as he was in restraints. Crow asserts that these grounds constituted just reasons to allow withdrawal of his guilty plea and that the State would not have been prejudiced by the withdrawal.

A trial court is authorized to allow the withdrawal of a guilty plea under I.C.R. 33(c). The defendant has the burden to show that the withdrawal should be allowed. *State v. Carrasco*,

2

117 Idaho 295, 298, 787 P.2d 281, 284 (1990). Where the motion has been made before sentencing, a defendant need only show a "just reason" to withdraw the plea. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008); *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988). The motion may properly be denied where the defendant has not presented and supported a plausible reason for withdrawal of the plea, even absent prejudice to the prosecution. *State v. Akin*, 139 Idaho 160, 162, 75 P.3d 214, 216 (Ct. App. 2003); *State v. Rose*, 122 Idaho 555, 559, 835 P.2d 1366, 1370 (Ct. App. 1992).

We review a decision on a motion to withdraw a guilty plea for abuse of discretion. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992); *State v. Warren*, 135 Idaho 836, 839, 25 P.3d 859, 862 (Ct. App. 2001). When a trial court's discretionary decision is reviewed on appeal, the appellate court inquires into whether the lower court correctly perceived the issue as discretionary, acted within the boundaries of such discretion and consistently with applicable legal standards, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The commission of robbery requires intent to take the victim's property by use of force or fear and to permanently deprive the victim of the property. *State v. Belue*, 127 Idaho 464, 466, 902 P.2d 489, 491 (Ct. App. 1995). However, the district court acted within its discretion in rejecting Crow's assertion that he should be allowed to withdraw his guilty plea because his attorney failed to inform him of this intent element. Crow's claim, even if true, does not entitle him to withdraw his guilty plea because it is simply not plausible that Crow's decision to plead guilty resulted, directly or indirectly, from some erroneous belief that he could be found guilty of robbery without having committed the act intentionally and with the intent to keep the money.[1] Crow's contention is much like that presented by the defendant in *State v. Mayer*, 139 Idaho 643, 84 P.3d 579 (Ct. App. 2004). The defendant there attempted to withdraw his guilty plea to battery with the intent to commit rape by arguing that the charging information did not allege that the intent to commit rape required intent to sexually penetrate the victim. *Id*. at 645, 84 P.3d at 581. In rejecting the defendant's position, we held that rape was self-explanatory and in its common usage meant sexual penetration. *Id*. at 648, 84 P.3d at 584. We reasoned that a

---

[1] Nor has Crow ever claimed that, having learned of the intent element after pleading guilty, he now believes he could present a defense that his act of taking the bank's money was unintentional or that he intended to return the money to the bank.

defendant can gain adequate understanding of the offense to permit a valid guilty plea in a number of ways and that one factor to be considered was whether the charge or pleaded element of the charge is self-explanatory. *Id*. at 647, 84 P.3d at 583. We also distinguished cases where the information did not allege intent as an element and the defendant was not advised of such an element by the district court. *Id*. at 648, 84 P.3d at 584. In this case, the contention that Crow would not have understood from common usage that "robbery" refers to an *intentional* act of taking and keeping the property of another is unpersuasive. It is not plausible that he pleaded guilty while laboring under the belief that one could commit robbery by accident. Additionally, unlike the cases we distinguished in *Mayer*, the information in this case did allege that Crow committed the robbery "intentionally."

Crow's claims that his plea was coerced and that he was given insufficient time to consider the proposed plea agreement are not supported by the record. Crow alleges that the prosecutor threatened that if he did not accept the plea offer, the prosecutor would file a persistent violator enhancement and seek the maximum sentence. This does not describe coercive circumstances but normal consequences in the criminal process. As we stated in *State v. Storm*, 123 Idaho 228, 232, 846 P.2d 230, 234 (Ct. App. 1993), "threats made before trial, if supported by the facts and relayed to the defendant while counsel is present" do not constitute coercion. This is because:

> [t]here is a certain amount of coercion inherent in charging a defendant and bringing him before the court to declare his guilt or innocence. During plea bargaining, there is little chance of retaliation--or constitutionally excessive coercion--so long as the defendant is free to accept or reject the prosecutor's offers.

*Id.* at 233, 846 P.2d at 235 (citations omitted). *See also State v. Roderick*, 97 Idaho 82, 84, 540 P.2d 267, 269 (1975) (holding that an offer to recommend less than the maximum, fifteen years instead of life, did not constitute coercion); *State v. Dye*, 124 Idaho 250, 257, 858 P.2d 789, 796 (Ct. App. 1993) ("The fact that the benefit flowing to [the defendant], the assurance of a sentence less than life in exchange for an elimination of the risk of a life sentence and a possible enhancement, may have persuaded [the defendant] to enter into the plea agreement does not amount to coercion.").

4

Before the district court accepted Crow's guilty plea, Crow himself stated that he felt he had sufficient time to discuss his case with his attorney and think about his plea, that his plea was free and voluntary, and that no one had pressured him to plead guilty.

As Crow has not demonstrated a plausible reason for withdrawal of his plea, the district court did not err in denying Crow's motion to withdraw his guilty plea.

**B.     Crow's Right to Counsel Was Not Violated**

Crow argues that his counsel had a conflict of interest when presenting Crow's motion to withdraw the guilty plea because the motion was based in part on various ineffective assistance claims against that same counsel, making counsel's interests diametrically opposed to Crow's interests. Crow did not request new counsel to argue his motion, but he asserts that his Sixth Amendment right to conflict-free counsel was violated when the district court failed to sua sponte appoint a different attorney for purposes of the motion.

The Sixth Amendment guarantee of the right to counsel for an accused encompasses a right to counsel free from conflicts of interest. *Wood v. Georgia*, 450 U.S. 261, 271 (1981); *State v. Lovelace*, 140 Idaho 53, 60, 90 P.3d 278, 285 (2003). This right extends to all critical stages in the criminal justice process, including a pre-judgment motion to withdraw a guilty plea. *See State v. Hartshorn*, 149 Idaho 454, 458, 235 P.3d 404, 408 (Ct. App. 2010); *Nevarez v. State*, 145 Idaho 878, 885, 187 P.3d 1253, 1260 (Ct. App. 2008). A defendant need not show that he was prejudiced by his attorney's alleged conflict of interest in the sense that the outcome of the proceeding was altered, but he must at least demonstrate that the conflict adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348-49 (1980); *Nevarez*, 145 Idaho at 885, 187 P.3d at 1260.

Crow has not demonstrated that his attorney's performance was adversely affected by the asserted conflict of interest. In that respect this case is similar to *Nevarez* where we held that because the defendant had not identified a possibly meritorious ground for withdrawal of his plea, he had not shown that there existed any stronger argument that could have been presented in support of his motion and thus had not shown that the alleged conflict of interest had an adverse effect on his lawyer's performance. *Nevarez*, 145 Idaho at 885, 187 P.3d at 1260. Crow's argument suffers from the same deficiency. He has not shown on appeal that there was any arguably meritorious basis for his motion that could have been better presented by an unconflicted attorney. Therefore, like the defendant in *Nevarez*, Crow has not shown that the

5

alleged conflict of interest adversely affected his lawyer's performance. Consequently, the district court's failure to appoint new counsel to present Crow's motion does not constitute reversible error.

### C.     Crow's Sentence is Not Excessive

Lastly, Crow argues that the district court imposed an excessive sentence in light of certain mitigating factors:  that Crow asserts that he was not carrying a gun during the robbery, that there were no physical injuries to anyone as a result of his actions, that Crow suffers from mental health problems that likely contributed to the offense, and that he expressed remorse for his actions.

Appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).  Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).  The objectives of sentencing, against which the reasonableness of a sentence is to be measured, are the protection of society, the deterrence of crime, the rehabilitation of the offender, and punishment or retribution. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  *See also* I.C. § 19-2521. Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The district court did not err in fashioning Crow's sentence.  As noted by the district court, Crow's criminal history indicates a high risk of reoffense and of violence.  This was Crow's fifth felony in addition to various misdemeanor offenses and drug-related parole violations.  His prior offenses included another robbery, sexual battery on a minor that involved forced intercourse, and domestic battery.  Crow committed this new robbery only hours after being released from prison.  A psychological evaluation indicated that he displayed "classic anti-social personality traits where they are skeptical of others, highly desire autonomy, and justify criminal behaviors by believing they are deserving of compensation for past injustices. . . . [T]hey act in insensitive and ruthless ways . . . ."  The court took into account that Crow might

6

not have had a weapon, but also pointed out that Crow induced the teller to believe he had a gun and used particularly violent language to threaten her while making gestures that indicated he was armed. The district court considered not only the mitigating factors Crow asserts on appeal, but also additional mitigating factors such as his prior work history and past letters of support commenting favorably on his work ethic and character. Even so, the court determined that the aggressive and violent nature of the robbery and Crow's criminal history and risk to reoffend, perhaps violently, outweighed the mitigating factors and justified the twenty-year fixed sentence, with an indeterminate life term. Crow has shown no abuse of discretion in this regard.

## III.

## CONCLUSION

As we hold that the district court did not abuse its discretion in denying Crow's motion to withdraw his guilty plea, that Crow was not denied his right to counsel, and that Crow's sentence is not excessive, we affirm the judgment of conviction and sentence.

Judge GRATTON and Judge MELANSON **CONCUR.**