**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42335**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 81** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  December 8, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SCOTT LEWIS OSTLER,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bear Lake County.  Hon. Stephen S. Dunn, District Judge.

Judgment of conviction, <u>affirmed in part</u>, <u>vacated in part</u>, and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.  Jason C. Pintler argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.  Russell J. Spencer argued.

_____

GUTIERREZ, Judge

Scott Lewis Ostler appeals from his judgment of conviction after he was found guilty of three counts of lewd conduct with a minor and one count of sexual abuse of a child.  On appeal, Ostler argues that his right to due process of law was violated when the prosecutor charged him with an additional felony after the district court granted Ostler a new trial.  For the reasons set forth below, we affirm in part, vacate in part, and remand.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

At his first trial, Ostler was charged with two counts of lewd conduct with a minor child under sixteen (Counts I & II), Idaho Code § 18-1508, and one count of sexual abuse of a child under the age of sixteen years (Count III), I.C. § 18-1506(a).  A jury found Ostler guilty of all three counts.

1

Prior to sentencing, the district court, sua sponte, requested briefing from the parties on the issue of whether the court had subject-matter jurisdiction over the case, as it was unclear whether Ostler was at least fourteen years of age at the time of the commission of the two acts of lewd conduct. The two charges for lewd conduct were against two different victims and were for acts occurring between 2000 and 2008. Ostler, being born May 25, 1988, was as young as twelve years of age during the time span charged. Under I.C. § 18-216, courts did not have jurisdiction over a person's unlawful acts prior to fourteen years of age.[1] In response to the court's request for briefing on the jurisdictional issue, Ostler filed a motion for a judgment of acquittal, basing his motion, in part, upon the State's improper prosecution of acts Ostler committed before he was fourteen years old and the corresponding presentation of evidence related to those acts.

In its briefing and at a hearing on the issue, the State objected to Ostler's motion, arguing that the court did have jurisdiction over the charged acts, as the charges included conduct when Ostler was over fourteen, and that the inclusion of evidence of Ostler's conduct prior to age fourteen constituted harmless error. Ultimately, the court set aside the convictions and ordered a new trial pursuant to I.C. § 19-2406(6) and Idaho Criminal Rule 34. The district court ordered the State to file a new information charging only conduct that occurred after Ostler was fourteen years old. During the hearing, defense counsel suggested that the State's amended charges might substantially differ enough from the original charges to warrant a preliminary hearing, but the State and court both disagreed and no preliminary hearing was held.

In its amended information, the State charged Ostler with four felony counts instead of three. The amended information charged three counts of lewd conduct with a minor under sixteen (Counts I, II, and III), I.C. § 18-1508, and one count of sexual abuse of a child under sixteen (Count IV), I.C. § 18-1506(a). The sexual abuse charge was identical to the charge in the first information. In modifying Count I of the original lewd conduct with a minor charge, the State limited the charge to conduct occurring between 2006 and 2008. In modifying Count II of the original information, the State separated the single lewd conduct charge into two separate charges: the new Count II covered conduct occurring at the east beach of Bear Lake between

---

[1] Although this statute was in effect at the time of the charging and trial, it has since been repealed, effective July 1, 2015. 2015 Idaho Sess. Laws, Ch. 113, § 1.

2006 and 2008, and the new Count III covered conduct occurring at the north beach of Bear Lake between 2007 and 2011. At no time did the State offer any explanation for its decision to separate the single felony charge into two separate felony charges.

The case proceeded to a jury trial. Ostler did not object to the inclusion of the additional charge at any time. The jury found Ostler guilty on all four counts. Ostler timely appeals.

## II.

## ANALYSIS

Ostler claims that the prosecutor's act of charging him with an additional felony after the mistrial violated his right to due process. Specifically, he alleges that the State's conduct, which exposed him to increased jeopardy, was a vindictive prosecution in violation of his right to due process under the Fourteenth Amendment to the United States Constitution. Ostler raises his objection to the fourth felony charge for the first time on appeal.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

With respect to the third prong of *Perry*, the alleged error was not harmless--it obviously affected the outcome of the proceedings because Ostler was convicted of an additional felony. For that reason, our analysis focuses on the first and second prongs of *Perry*.

Under the first prong of *Perry*, we address whether adding an additional charge after Ostler was granted a new trial violated his constitutional right to due process. Ordinarily, the decision on whether to prosecute and what charge to file is a matter of prosecutorial discretion. *State v. Storm*, 123 Idaho 228, 233, 846 P.2d 230, 235 (Ct. App. 1993). However, a defendant's

3

constitutionally protected right to due process is implicated when a prosecutor vindictively retaliates against a defendant for exercising a legally protected right. *Blackledge v. Perry*, 417 U.S. 21, 27-28 (1974) (extending *North Carolina v. Pearce*, 395 U.S. 711, 724 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989), to cover prosecutors in addition to judges); *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort").

To demonstrate prosecutorial vindictiveness, a defendant must show either: (1) actual vindictiveness through objective evidence that a prosecutor acted in order to punish the defendant for exercising a legal right; or (2) a realistic likelihood of vindictiveness, which then raises a presumption of vindictiveness. *United States v. Goodwin*, 457 U.S. 368, 372-73 (1982) (reasoning that because motives are often "complex and difficult to prove," in cases where "action detrimental to the defendant has been taken after the exercise of a legal right . . . it [is] necessary to 'presume' an improper vindictive motive"). The defendant's burden of establishing actual vindictive prosecution is heavy in light of the discretion prosecutors are given in performing their duties. *United States v. Armstrong*, 517 U.S. 456, 464 (1996).

Ostler does not allege a claim of actual vindictiveness through objective evidence. Instead, Ostler argues that the United States Supreme Court's decision in *Blackledge* requires this Court to find a presumption of vindictiveness. In *Blackledge*, the Supreme Court explained that the prosecutor's conduct of increasing a defendant's charge from a misdemeanor to a felony after the defendant secured a new trial on appeal gave rise to a realistic likelihood of vindictiveness:

> A prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial de novo in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free. And, if the prosecutor has the means readily at hand to discourage such appeals--by "upping the ante" through a felony indictment whenever a convicted misdemeanant pursues his statutory appellant remedy--the State can insure that only the most hardy defendants will brave the hazards of a de novo trial.

*Blackledge*, 417 U.S. at 27-28. Because the increased charges were based upon the same facts underlying the initial conviction and occurred only after the defendant invoked his statutory right to a new trial on appeal, the Court held that the prosecutor's conduct gave rise to a per se presumption of vindictiveness. *Id.* The Court based this presumption upon the constitutional

4

requirement that defendants be able to invoke their right to challenge their conviction without apprehension of retaliation. *Id.*

Later, in *Goodwin*, the Supreme Court distinguished between pretrial and post-conviction increases in punishment by prosecutors, acknowledging the deep-seated bias within the judicial system against the retrial of decided issues. *Goodwin*, 457 U.S. at 376-77. In dicta, the Court specifically noted the judicial doctrines of stare decisis, res judicata, the law of the case, and double jeopardy; the Court opined that "the same institutional pressure that supports [those doctrines] might also subconsciously motivate a vindictive prosecutorial . . . response to a defendant's exercise of his right to obtain a retrial of a decided question." *Id.* at 377. The Court recognized that "a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision" based upon the prosecutor's strong interest in avoiding having to retry an entire case." *Id.* at 381-84.

A prosecutor's attempt to retry a defendant after a mistrial, seeking a heavier penalty for the same acts as originally charged, appears inherently suspect. *See United States v. Robison*, 644 F.2d 1270, 1273 (9th Cir. 1981). Even the appearance of retaliatory conduct by prosecutors in response to a defendant's exercise of a protected right can have subsequent chilling effects on other defendants faced with similar circumstances. *United States v. Motley*, 655 F.2d 186, 188 (9th Cir. 1981). This deterrent effect is precisely what the Supreme Court sought to avoid with the vindictive prosecution presumption. *Blackledge*, 417 U.S. at 28 ("A person convicted of an offense is entitled to pursue his statutory right . . . without apprehension that the State will retaliate.").

Ostler's case differs from *Blackledge* in that Ostler was not appealing his conviction. However, Ostler was nonetheless exercising a statutorily protected right by filing a motion for a judgment of acquittal in response to the court's concern that it did not have subject-matter jurisdiction over the charges. As an issue of first impression for this Court, we hold that the *Blackledge* presumption of vindictiveness arises where a defendant, after being convicted, exercises a statutory right to obtain a retrial and is subsequently charged with additional or more severe charges. *See Goodwin*, 457 U.S. at 372 ("[A]n individual . . . may not be punished for exercising a protected statutory or constitutional right."). The prosecutor's conduct of bringing an additional charge against Ostler after he exercised his post-conviction statutory right to a new trial thus created a presumption of vindictiveness.

5

Once a defendant has established a presumption of prosecutorial vindictiveness, the prosecution can rebut the presumption by showing objective reasons justifying the additional charges. *Thigpen v. Roberts*, 468 U.S. 27, 32 n.6 (1984) ("[T]he *Blackledge* presumption is rebuttable."). *See also Goodwin*, 457 U.S. at 376 n.8; *Blackledge*, 417 U.S. at 29 n.7. A successful rebuttal to a presumption of vindictiveness would thus render the first prong of the *Perry* analysis unsatisfied.

Ostler suggests that here, because the State "provided no reason in the district court for adding a fourth charge," the State is now precluded from justifying its charging decision for the first time on appeal. Ostler cites to *Pearce* and *Blackledge* to support the proposition that the State must have affirmatively established a nonvindictive justification at the trial court level. In *Pearce,* the Supreme Court held that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so *must* affirmatively appear . . . [a]nd the factual data upon which the increased sentence is based *must* be made part of the record." *Pearce*, 395 U.S. at 726 (emphasis added). Then, in *Blackledge*, the Court extended *Pearce* to prosecutors, holding that situations posing a realistic likelihood of vindictiveness by a prosecutor require a rule analogous to that of the *Pearce* case. *Blackledge*, 417 U.S. at 27. There, the Court contemplated that *Blackledge* "would clearly be a different case if the State had shown that it was impossible to proceed on the more serious charge from the outset." *Id.* at 29 n.7.

After *Blackledge*, the Supreme Court applied the prosecutorial vindictiveness presumption to a case where a prosecutor imposed more serious charges on a defendant after a successful appeal. *Thigpen*, 468 U.S. at 27. Although it found the prosecutor's conduct presumptively vindictive under *Blackledge*, the Court acknowledged that the presumption was nonetheless rebuttable. *Id.* at 32 n.6. However, because "the State had ample opportunity below to attempt to rebut [the presumption] but did not do so," the State's conduct was deemed unconstitutionally vindictive. *Id.*

Consequently, a prosecutor seeking to impose additional or more severe charges after a defendant secures a new trial must affirmatively give sufficient reasons for the increase on the record. *See State v. Edwardsen*, 430 N.W.2d 604, 607 (Wis. Ct. App. 1988). Here, because the State did not provide *any* justification for the additional charge at the trial court level, the State did not rebut the presumption of vindictiveness. *See State v. Grist*, 152 Idaho 786, 794, 275 P.3d 12, 20 (Ct. App. 2012) (holding that a sentencing judge is required to affirmatively make the

6

reasons for an increased sentence after remand part of the record, regardless of whether the defendant objected). Therefore, Ostler's claim satisfies the first prong of *Perry* because the prosecutor's conduct was presumptively vindictive in violation of Ostler's unwaived right to due process.

We next consider the second prong of the *Perry* analysis--whether the prosecutorial vindictiveness alleged by Ostler is clear or obvious without the need for reference to additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision. Here, the error plainly exists based upon a review of the record. Prosecutors initially charged Ostler with three felonies. After Ostler was convicted on all three counts, the court set aside those convictions and ordered a new trial. Prosecutors then brought an additional felony charge against Ostler based upon the same evidence supporting the original convictions. The State offered no justification at the trial court level to explain the additional charge. This error plainly exists on the face of the record. Therefore, Ostler's claim also satisfies the second prong of *Perry*.

Having concluded that Ostler has met all three prongs of the *Perry* analysis, we hold that Ostler has established fundamental error. The appropriate remedy is for this Court to vacate the conviction arising from the improper charge and remand. *Perry*, 150 Idaho at 228, 245 P.3d at 979.

## III.
## CONCLUSION

The prosecutor's conduct of adding an additional felony charge after Ostler secured a new trial violated Ostler's right to due process. Accordingly, we affirm Ostler's judgment of conviction on Counts I, II, and IV, and we vacate Ostler's judgment of conviction on Count III. We direct the district court to enter an amended judgment of conviction consistent with this opinion.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.