670 P.2d 57

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert Michael MALLERY, Defendant-Appellant.**

No. 14241.

Court of Appeals of Idaho.

Sept. 13, 1983.

---

Gary D. DeMeyer, Middleton, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Michael B. Kennedy, Deputy Atty. Gen., for plaintiff-respondent.

McFADDEN, Judge Pro Tem.

Appellant was arrested for armed robbery. Prior to the date set for trial appellant moved to suppress evidence, contending that the evidence had been seized under an illegal search. Following a hearing, the trial court denied appellant's motion. Thereafter, pursuant to a plea bargain arrangement, appellant pled guilty to armed robbery, I.C. § 18–6501, and the use of a firearm in the commission of a felony, I.C. § 19–2520. The state moved to dismiss part of the information charging the mandatory minimum sentencing provision of I.C. § 19–2520A. The state recommended a five-year determinate sentence on the robbery charge and a consecutive three-year indeterminate sentence on the charge of use of a firearm in the commission of a felony. The district court sentenced appellant to a determinate term of ten years on the robbery charge and a consecutive indeterminate term of three years for use of a firearm. Following appellant's motion to reduce the sentence the district court amended the robbery sentence to an indeterminate ten-year term. He did not alter the indeterminate sentence of three years for use of a firearm. On appeal appellant contends that the evidence should have been suppressed and that the total sentence imposed was excessive. We disagree and affirm.

■ There is no contention by appellant that his guilty plea was not knowingly and voluntarily given.[1] His only contention is that the evidence should have been suppressed. However, the judgment of conviction in this case did not rest on the evidence

---

1. The absence of such a contention distinguishes this case from those cited by appellant—*Commonwealth of Penn. v. Claudy*, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956) and *Shelton v. United States*, 292 F.2d 346 (7th Cir.1961), *cert. denied* 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 280 (1962). In each of those cases, the accused, through a habeas corpus proceeding, was contending that his plea of guilty was not voluntarily given.

appellant sought to have suppressed; it rested on his admission in court that he was guilty of the crime charged. In *State v. Tipton,* 99 Idaho 670, 587 P.2d 305 (1978), quoting from *Clark v. State,* 92 Idaho 827, 832–33, 452 P.2d 54, 59–60 (1969), our Supreme Court noted:

> "A valid plea of guilty, voluntarily and understandingly given, waives all non-jurisdictional defects and defenses, whether constitutional or statutory, in prior proceedings. [Citations omitted] ... A valid guilty plea is a judicial admission of all facts charged by the indictment or information. [Citations omitted.] A valid plea of guilty is conclusive' as to guilt. [Citations omitted.] It is a waiver of trial, [citations omitted] and obviates the necessity of the prosecution coming forward with evidence."

*See also State v. Coffin,* 104 Idaho 543, 661 P.2d 328 (1983); *State v. Ruth,* 102 Idaho 638, 637 P.2d 415 (1981). Recently in *Haring v. Prosise,* —— U.S. ——, ——, 103 S.Ct. 2368, 2377, 76 L.Ed.2d 595 (1983), the United States Supreme Court observed:

> "[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized."

Thus, the question of whether the trial court erred in denying appellant's motion to suppress is irrelevant in the context of the guilty plea proceeding, and affords no basis to disturb the judgment of conviction.

■ Appellant next contends the trial court abused its discretion in sentencing him to an indeterminate ten years for the robbery charge and to a three-year indeterminate term for use of a firearm. Pursuant to I.C. § 18–6503 appellant may have been sentenced to a term of not more than life for the robbery. Pursuant to I.C. § 19–2520 appellant may have been sentenced to an additional term of not less than three nor more than fifteen years for use of a firearm. Where a sentence is within the statutory limits, an appellant has the burden of showing clear abuse of discretion on the part of the sentencing court. *State v. Coffin, supra.*

■ Our standards for appellate review of sentences are set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982), and need not be reiterated here. The record in this case discloses that appellant had a previous conviction for armed robbery and that he used a firearm in the commission of the instant felony. The district court explained its reasons for the total sentence, noting that it reflected the severity of the crime while still allowing appellant the opportunity to "straighten out his life." These observations are consistent with the *Toohill* criteria. We find no abuse of the district court's sentencing discretion.

The judgment is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.