702 P.2d 860

**Thomas Lee STONE,
Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 15550.**

Court of Appeals of Idaho.

June 19, 1985.

sion might well affect the guarantee between CIT and Herb's RV.

Van G. Bishop, Nampa, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

Thomas Lee Stone pled guilty to grand theft-embezzlement, I.C. §§ 18–2403(1), 18–2403(2)(b). He was sentenced to a fixed five-year term in the custody of the Board of Correction. He did not appeal. After serving fifteen months of his sentence, he filed a petition for post-conviction relief, contending: (1) the bail set at the probable cause hearing was excessive; (2) the prosecutor made prejudicial statements which resulted in a coerced guilty plea; (3) the sentence was excessive; (4) his vehicle had been illegally searched and evidence had been illegally seized; and (5) he did not have the assistance of counsel throughout the entire proceedings. The state answered these contentions and requested that "the Petition be dismissed without oral arguments." The district court thereafter entered a notice of its intent to dismiss the petition without further proceedings. Stone responded, but to no avail. The court dismissed the petition, without a hearing, on the ground that "there is no

genuine issue of material fact, Respondent being entitled to a judgment as a matter of law...." Stone appealed from the order of dismissal. We affirm.

■ The power of a court to dismiss a petition for post-conviction relief without an evidentiary hearing is granted by I.C. § 19–4906. A court cannot dismiss a petition without a hearing if there exists a material issue of fact. *Daugherty v. State*, 102 Idaho 782, 640 P.2d 1183 (Ct. App.1982). *See also State v. Goodrich*, 104 Idaho 469, 660 P.2d 934 (1983). "[T]o justify an evidentiary hearing in a post-conviction relief proceeding, it is incumbent upon the [petitioner] to tender a factual showing based upon evidence that would be admissible at the hearing" and which would entitle the petitioner to relief. *Drapeau v. State*, 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct.App.1982). *See also Cooper v. State*, 96 Idaho 542, 531 P.2d 1187 (1975). Furthermore, "[u]ntil the allegations [of the petition] are controverted, they are deemed true; a motion to dismiss unsupported by affidavits or other materials, does not controvert the allegations in the petition." *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969). Here, the state responded to the petition with a detailed argument, supported to some extent by references to an attached exhibit and to portions of the record on appeal. The record refutes some of petitioner's allegations. The other allegations of petitioner, either not refuted by the record or about which an issue of fact exists, we will treat as true. Of course, even if true, those facts may not be material; that is, they may not show that Stone is entitled to any relief. If this is the case, the district judge was correct in dismissing the petition without a hearing.

At the probable cause hearing, the court set bail at $25,000. Stone argues this was excessive and therefore violated the eighth amendment to the United States Constitution. "[D]etermination of the amount [of bail] is committed to the sound discretion of the trial judge, and his decision will not be disturbed except in case of a clear abuse of discretion." *Vigil v. State*, 563 P.2d 1344, 1347 (Wyo.1977). "Moreover, the proper method of challenging a bond as excessive is through a petition for writ of habeas corpus to [the Supreme Court], provided application has first been made to the trial court to reduce bond." *State v. Ybarra*, 102 Idaho 573, 575, 634 P.2d 435, 437 (1981). The record does not show that Stone ever applied to the trial court to reduce the amount of bail, nor did he petition the Supreme Court for a writ of habeas corpus before the judgment of conviction was entered.

■ After trial and conviction, questions regarding excessiveness of bail generally cannot be raised. *See State v. Jelle*, 21 Wash.App. 872, 587 P.2d 595 (1978); *see also State v. Sheppard*, 100 Ohio App. 345, 128 N.E.2d 471 (1955). On the other hand, where the defendant contends that excessive bail materially interfered with his right to counsel and impeded his defense, an appellate court is at liberty to review the question. *Cf. Bitter v. United States*, 389 U.S. 15, 88 S.Ct. 6, 19 L.Ed.2d 15 (1967) (a case dealing not with excessive bail, but with a revocation of bail). For purposes of this appeal, we will assume the same rule prevails in post-conviction relief proceedings. Stone does not contend that the allegedly excessive bail materially interfered with his right to counsel or impeded his defense. He does not allege that it affected the voluntariness of his guilty plea. He only asserts that his bail was excessive. Under these circumstances we will not address the issue.

■ Stone next argues that during the course of the proceedings the prosecutor made "prejudicial statements" which "forced" him to plead guilty. He alleges that the prosecutor threatened to charge Stone as an habitual offender and represented that an additional twenty-six counts could be filed in federal court if he did not plead guilty. Stone, however, does not allege that these additional charges were groundless, only that they were not filed. It is clear from the record that Stone was aware his prior felony convictions made it possible for him to be charged by the state

as a persistent violator and to receive a life sentence. *See* I.C. § 19–2514. He thus does not contend that the prosecutor's conduct was fraudulent. A prosecutor is at liberty to use the availability of filing additional, legitimate charges as a bargaining chip in plea negotiations. "A guilty plea induced by a prosecutorial … promise to refrain from filing additional charges does not necessarily vitiate an otherwise voluntary plea." *State v. Swindell,* 93 Wash.2d 192, 607 P.2d 852, 855 (1980). "Defendants advised by competent counsel and protected by other procedural safeguards are presumptively capable of intelligent choice in response to prosecutorial persuasion, and unlikely to be driven to false self-condemnation." *Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). Stone admits his counsel was present when the "threats" were made. He does not allege any other facts which would cast a shadow on the voluntariness of his guilty plea. Stone was thus "presumptively capable of intelligent choice in response to prosecutorial persuasion." He has therefore not alleged facts which, even if true, would entitle him to relief. *See Cooper v. State, supra.*

■ Stone also argues that his sentence was unduly harsh. He alleges that his "record is one of non-violence with his previous convictions consisting solely of property crimes." In addition, he alleges that he had not been convicted of a crime for at least five years prior to pleading guilty to the crime involved in the present case. He further asserts that the trial court "was impressed with him." He received a fixed five-year sentence. A sentence will not be disturbed unless the appellant shows a clear abuse of discretion. *State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). The maximum penalty for grand theft-embezzlement, as charged in this case, is fourteen years. *See* I.C. § 18–

2408(2)(a). The fixed five-year sentence imposed in this case was thus within the statutory limits. The question is whether, under any reasonable view of the facts, a term of five years would exceed the period of confinement necessary to protect society, and to accomplish the other related goals of sentencing. *Holmes v. State,* 104 Idaho 312, 658 P.2d 983 (Ct.App.1983).[1] *See also State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). "As a corollary, where reasonable minds might differ as to the sufficiency of the time of confinement, the discretion of the sentencing court in imposing the sentence will be respected." *Holmes v. State,* 104 Idaho at 315, 658 P.2d at 986.

■ In pronouncing sentence on Stone, the sentencing judge explicitly considered the necessity of protecting society. He also recognized the possibility of rehabilitation and the fact that a lesser sentence could depreciate the seriousness of the crime. Admittedly, the commission of the offense in the present case was without violence. However, this conviction was the fifth felony conviction for Stone, who was thirty-two years old. Stone did not receive anywhere near the maximum penalty.

The art of sentencing is the art of placing the facts of a given case upon the sliding scale of punishment. The character of the offender as well as the circumstances of the offense are to be weighed. The more egregious the facts are, the more severe the punishment should be. We find no abuse of discretion by the sentencing judge. Stone received no more than condigned punishment. He has not alleged facts which would entitle him to an evidentiary hearing on this question.

■ The next argument concerns the allegedly illegal search and seizure of Stone's car. As noted above, Stone pled guilty to the charge against him. Aside

---

**1.** Neither in *Holmes* nor in the present case was the propriety of addressing the issue of excessiveness of sentence in a post-conviction relief proceeding challenged. Although we address this issue on the merits, we entertain serious doubts as to whether it is indeed a proper issue

for a post-conviction relief proceeding. *Cf. Maxfield v. State,* 108 Idaho 493, 700 P.2d 115 (Ct.App.1985) (unless it concerns fundamental error, an issue which could have or should have been raised on direct appeal will not be addressed in a post-conviction relief hearing).

from allegations of coercion, which we have rejected, he does not contend that his guilty plea was not knowingly and voluntarily given. A valid guilty plea waives all non-jurisdictional defects and defenses. *State v. Tipton*, 99 Idaho 670, 587 P.2d 305 (1978). An alleged illegal search and seizure does not affect the validity of a conviction based upon a knowing and voluntary guilty plea. *See Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983). "Thus, the question of whether the trial court erred in denying [defendant's] motion to suppress is irrelevant...." *State v. Mallery*, 105 Idaho 352, 354, 670 P.2d 57, 59 (Ct.App.1983). *See also Maxfield v. State, supra*, (the failure to suppress evidence allegedly illegally seized is not fundamental error which may be cured in a post-conviction relief proceeding even though the error could have been, but was not, raised on direct appeal). We therefore need not discuss it here.

 Finally, in his petition Stone alleges that he did not have counsel in Utah where he was arrested for an unrelated offense. As a result of that arrest, Utah authorities discovered there was an outstanding warrant in Idaho for Stone's arrest. When Stone waived extradition he was returned to Idaho. Stone now claims his constitutional right to have counsel at all stages of the proceedings was denied. We do not need to reach the question of whether Stone had a constitutional right to counsel in extradition proceedings conducted in the asylum state. The Uniform Criminal Extradition Act, adopted in Utah as Title 77, Chapter 30, Utah Code of Criminal Procedure, did afford Stone the right to counsel. However, the record shows that Stone was informed by the court in Utah of his right to have counsel and to have a hearing in that state. The record further shows that Stone voluntarily waived those rights before he was returned to Idaho to face the present charges. He now asserts he waived those rights "unknowingly and under duress, considering the situation he was facing, at the time of his arrest." However, those bare assertions, without any supportive factual allegations, are not sufficient to create a material issue of fact. It was not error for the district court to deny a hearing on this issue.

We hold that Stone's petition for post-conviction relief did not raise material questions of fact which would entitle him to relief. The district court did not err by dismissing the petition without an evidentiary hearing. The order dismissing Stone's petition is affirmed.