IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 38625**

| | |
|---|---|
| BRIAN COBLER, | 2012 Unpublished Opinion No. 528 |
| Petitioner-Appellant, | Filed: June 21, 2012 |
| v. | Stephen W. Kenyon, Clerk |
| STATE OF IDAHO, | THIS IS AN UNPUBLISHED |
| Respondent. | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Order dismissing petition for post-conviction relief, <u>affirmed</u>.

Brian Cobler, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Brian Cobler appeals from the denial of his petition for post-conviction relief after an evidentiary hearing. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Cobler pled guilty to one count of sexual battery of a minor, sixteen or seventeen years of age, based on charges that Cobler and his wife had maintained a sexual relationship with a minor. *See State v. Cobler*, 148 Idaho 769, 771, 229 P.3d 374, 376 (2010). In his petition for post-conviction relief, he alleged: (1) the Meridian Police Department violated his constitutional rights; (2) prosecutorial and judicial misconduct; (3) an equal protection violation at sentencing; (4) being charged with an unconstitutional Idaho Code provision; (5) a due process violation;[1]

_____

[1] Cobler also makes several due process claims concerning sentencing on the basis of inaccurate information and being provided with his presentence investigation report (PSI) only

1

and (6) ineffective assistance of counsel claims. Cobler sought court-appointed counsel for assistance with his petition, which was granted by the district court.

The State filed a motion for summary dismissal, but the district court proceeded to an evidentiary hearing without ruling on the State's motion. After Cobler testified at the evidentiary hearing, the district court dismissed the majority of his claims. The remaining claims concerned Cobler's allegations of ineffective assistance of counsel. After hearing testimony from Cobler's former trial counsel, the district court also denied relief on those claims. Cobler timely appealed.

## II.

## DISCUSSION

A petition for post-conviction relief initiates a proceeding that is civil in nature. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The petition must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal.

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990).

twenty minutes prior to sentencing. The due process arguments concerning the PSI report are addressed in the ineffective assistance of counsel claim.

2

The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

## A.    Police Department Violations

Cobler claims the Meridian Police Department violated several of his constitutional rights during his arrest and interrogation, including that: (1) he was placed under custodial arrest without being told the basis for the underlying offense; (2) the officers continued to interrogate Cobler even after he requested an attorney; (3) the officers used excessive force by handcuffing Cobler too tightly; and (4) the officers used cruel and unusual punishment by not allowing Cobler to use the restroom. Immediately following Cobler's testimony, the State sought to have these allegations dismissed on the basis that the claims are "not even claims that could be raised under the UPCPA Act. He makes civil claims against the police department . . . and they're not within the jurisdiction or the scope of the UPCPA Act." The district court denied the claims.

Cobler's allegations concerning the Meridian Police Department are not proper claims for post-conviction relief. Idaho Code § 19-4901(b) states:

> Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilty and could not, in the exercise of due diligence, have been presented earlier.

Cobler should have raised these allegations in the trial court and in his previous appeal and failed to do so. Furthermore, Cobler pled guilty to the charged crime and by doing so "waive[d] any issue as to the admissibility of evidence upon which the State might have relied." *State v. Gallipeau*, 128 Idaho 1, 6, 909 P.2d 619, 624 (Ct. App. 1994) (citing *Stone v. State*, 108 Idaho 822, 826, 702 P.2d 860, 864 (Ct. App. 1985); *State v. Mallery*, 105 Idaho 352, 670 P.2d 57 (Ct. App. 1983)). Therefore, these issues have been forfeited.[2]

---

[2]    To the extent these claims relate to alleged ineffective assistance of counsel, they are addressed in that claim.

**B.     Prosecutorial Misconduct and Judicial Misconduct**

Cobler asserts that the district court erred in dismissing his claim of prosecutorial misconduct and judicial misconduct. Cobler's petition for post-conviction relief set out his claim as "[p]laintiff alleges prosecutorial misconduct due to statements made by [the State Prosecutor] against plaintiff, that [the State prosecutor] knew were not true and presented as fact, and that [the State prosecutor] voiced uneducated opinions that were damaging to plaintiff, and presented those opinions as fact." Cobler's brief asserts that the prosecutor: (1) subpoenaed a grand jury although he was already incarcerated; (2) improperly used the grand jury when the prosecutor had no evidence to convict Cobler; (3) threatened a witness with juvenile detention if the witness did not testify against Cobler; (4) misled the grand jury about both the victim's age and Cobler's age in an attempt to make Cobler seem more deviant; (5) misled the grand jury by attesting that Cobler was a violent man who had trouble controlling his anger; (6) refused to offer exculpatory evidence that the victim was employed with Cobler's wife, a fact Cobler believes illustrates that he believed the victim was of age; and (7) at sentencing gave her own psychosexual evaluation and allowed a witness to offer false evidence.

Cobler's judicial misconduct claim involves a statement supposedly made by the district court to Cobler's wife. Specifically, in a letter addressed to Cobler, his wife stated the judge made statements that "she felt were threatening to plaintiffs [sic] sanctity of marriage." Cobler believes these threats were made in an attempt to force a divorce between Cobler and his wife, which would result in Cobler's wife being able to testify against him.

At the evidentiary hearing, at the conclusion of Cobler's prima facia case, the district court, upon motion of the prosecutor, denied several of Cobler's claims, including the prosecutorial and judicial misconduct claims. While the district court did not articulate its reasoning, but should have pursuant to I.C. § 19-4907(a), it is clear that Cobler failed in his evidentiary burden. It should first be noted that Cobler entered into a guilty plea and, thus, has waived his claims of prosecutorial misconduct before the grand jury. *Stone*, 108 Idaho at 826, 702 P.2d at 864 ("A valid guilty plea waives all non-jurisdictional defects and defenses."). As for Cobler's prosecutorial misconduct at sentencing claims, Cobler failed to present evidence sufficient to establish misconduct. Cobler did not establish that there were material inaccuracies that affected the sentence or that more accurate information would have been available at sentencing. On appeal, Cobler has not cited to evidence actually admitted at the hearing which

4

demonstrate any inaccuracies or evidence that might have changed the sentence. Moreover, the district court had the accurate information before it, including the victim's age, the defendant's age, the presentence investigation report (PSI), and the psychosexual evaluation. Lastly, Cobler failed to demonstrate any judicial misconduct affecting the sentencing court's decisions.

## C.    Equal Protection

Cobler also alleges that his right to equal protection under the law was violated when the district court sentenced Cobler's wife less severely for the same crime. Even assuming this is a cognizable claim under the post-conviction act, Cobler is not entitled to relief. The equal protection guarantees of the Fourteenth Amendment to the United States Constitution and Article I, Section 13 of the Idaho Constitution require that similarly situated people receive the same benefits and burdens under the law. *Bon Appetit Gourmet Foods, Inc. v. Dep't of Employment*, 117 Idaho 1002, 1003, 793 P.2d 675, 676 (1989). Cobler claims that, because his wife was convicted of the same conduct as Cobler, the disparity between the sentences imposed was a violation of Cobler's constitutional rights.

The disparity in sentences between one defendant and another defendant convicted of the same crime does not, in itself, establish an equal protection violation. The burden rests with Cobler to establish that the disparity between his sentence and that of his wife was arbitrary or based on improper considerations. *State v. Griffin*, 122 Idaho 733, 741, 838 P.2d 862, 870 (1992). When determining the sentence that should be imposed, the issues considered by the district court included the need to protect society's children, the likelihood of Cobler committing a future crime, and the role Cobler played in the crimes committed by Cobler and his wife. These were proper considerations upon which to determine Cobler's sentence, and the fact that his wife's sentence was different does not alter this fact. *Id. See also State v. Hansen*, 125 Idaho 927, 933, 877 P.2d 898, 904 (1994) (rejecting equal protection challenge to disparity of sentences imposed on co-defendants); *State v. Seifart*, 100 Idaho 321, 324, 597 P.2d 44, 47 (1979) (same); *cf. State v. Hoffman*, 123 Idaho 638, 649, 851 P.2d 934, 945 (1993) (imposition of death penalty not disproportionate where co-conspirator sentenced to life for same act).

Cobler does not argue that the sentence imposed by the district court was excessive or arbitrary, nor does he contend that the trial court based his sentence on improper considerations. Rather, Cobler asserts only that, in light of the sentence imposed on his wife, he was denied the

benefits of law extended to his wife. Cobler is thus not entitled to relief on his equal protection challenge.

**D. Idaho Code § 18-1508(a)**

Cobler claims that I.C. § 18-1508(a) is unconstitutional. Cobler believes that the statute unconstitutionally "portray[s] his crime as a crime of violence, when at most Mr. Cobler would be guilty of statutory rape, which carries no sex offender registry." As noted above, the scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Whitehawk v. State*, 116 Idaho 831, 832-33, 780 P.2d 153, 154-55 (Ct. App. 1989). The issue of whether a statute is constitutional should have been raised in a direct appeal.

**E. Due Process Violation**

Cobler claims he was denied due process when the prosecutor failed to arraign Cobler within seventy-two hours. Cobler only addresses this issue in his appellant's brief and did not raise it before the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Therefore, we decline to address this issue.

**F. Ineffective Assistance of Counsel**

Cobler also claims that he received ineffective assistance of counsel. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d

629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Cobler's first ineffective assistance of counsel claim is that "his trial counsel conspired with the State Prosecutors [sic] Office in order to deprive Mr. Cobler of his constitutional rights." Cobler believed that the conspiracy was effectuated by counsel refusing to build a defense and securing a conviction of the law. Cobler further states that the two entities conspire against plaintiffs who are ignorant of the law and have no basis to prepare a defense. The district court found that there was "no evidence here of conspiracy by the defense counsel to conspire with the state to deprive him of his rights." Cobler also claimed his counsel was ineffective for failing to:

> (a) advise him of his rights, (b) cross-examine/investigate all statements and or evidence being used against him, (c) advise him of the Rule 11 procedure concerning guilty pleas, (d) work with and for Mr. Cobler in building a defense, (e) [] to suppress Mr. Coblers (sic) statement to police, (f) provide him with a copy of his P.S.I. report within 10 days of the date set for sentencing, (g) correct the inaccuracies contained within the P.S.I. report[.]

Cobler asserts his counsel was also ineffective for "advising Cobler that he could not address the court in the defending of himself against the inaccurate information that was being used as a basis for his sentencing."

While the district court dismissed, as noted above, some of Cobler's claims at the conclusion of his evidence, the district court reserved the ineffective assistance of counsel claims until presentation of the State's evidence. After Cobler's trial counsel testified, the district court made its findings:

> [Cobler's trial counsel] represented his client competently, thoroughly, and professionally. There was no ineffective assistance of counsel. He met with the client. He discussed the case with the client. There's no showing here that through the chronology presented by [Cobler's trial counsel], whose testimony and evidence is far more credible than that of the petitioner, that he--went over the case with him, discussed the facts and the evidence with him, that he had an opportunity to analyze any potential suppression motions, which, as was testified to earlier between the victim, potentially at least observations by his spouse, which are not privileged, that--even assuming that there had been--those statements had been suppressed, that the state would not have been able to make a prima facia case and that it would have been of no avail to take the matter to trial.

7

. . . .

I find that [Cobler's trial counsel] certainly, as I said, met with his client. There was no basis for the client to believe he didn't have a competent, zealous attorney representing him, that there were no promises or threats made to him regarding his guilty plea by [Cobler's trial counsel] and he made it clear to him that the sentence was an open sentence in terms of the court's decision, that there were no promises made--been made to him that he would get a retained jurisdiction. Simply stated to him that it was his goal, that was his objective, and that the defendant knew full well that the state was recommending a prison sentence of two years fixed, eight years indeterminate. Nothing in the record that demonstrates the petitioner was misled in any way, shape or form. As to his guilty plea, there were no promises made by his attorney that were misleading.

And, therefore, the court will find that there was not only no ineffective assistance of counsel, but absolutely no basis to find that--even assuming there was, that this would change the outcome of this case in any way, shape or form.

The district court also addressed Cobler's PSI allegations individually. The district court found that Cobler went over the PSI with the presentence investigator and Cobler explained that the PSI contained some inaccuracies. The district court ultimately stated "I can't find that the outcome of the case--even assuming for the sake of argument that he only had twenty minutes to review it, that there were such errors or corrections in the presentence report that would have changed the outcome of the sentencing."

Cobler's claims of ineffective assistance of counsel fail both prongs of *Strickland*. The district court found that Cobler's trial counsel was credible, Cobler was not credible, trial counsel did meet with Cobler several times, and counsel presented a sound, legal defense. The district court's credibility determinations will not be disturbed on appeal. The district court's factual findings are not clearly erroneous and are supported by the evidence in the record. Moreover, Cobler failed to argue, let alone establish, prejudice resulting from the alleged deficiencies. As such, Cobler also failed the second prong of *Strickland* and is not entitled to post-conviction relief on his ineffective assistance of counsel claims.

## III.

### CONCLUSION

Cobler has failed to demonstrate that he was entitled to relief on any of his allegations. The district court's order denying Cobler's petition for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

8