**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44082**

| | |
|---|---|
| **MITCHELL LEE WALCK,** | ) 2017 Unpublished Opinion No. 403 |
| | ) |
| **Petitioner-Appellant,** | ) Filed: March 17, 2017 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| **STATE OF IDAHO,** | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| **Respondent.** | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Charles W. Hosack, District Judge.

Judgment and order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Mitchell L. Walck, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Mitchell Lee Walck appeals from the district court's final judgment challenging the summary dismissal of his petition for post-conviction relief. Walck makes five arguments on appeal: Walck asserts error due to ineffective assistance of counsel, a double jeopardy violation, the State's failure to respond to his post-conviction petition, the district court's dismissal of Walck's motion for default judgment, and the court's dismissal of Walck's motion to withdraw his guilty pleas. Within his argument regarding default judgment, Walck makes a sixth argument that claims he was entitled to an evidentiary hearing. For the reasons set forth below, we affirm the district court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Walck pleaded guilty to second degree kidnapping, aggravated assault on a law enforcement officer, and robbery. The district court accepted

1

Walck's guilty pleas were freely and voluntarily entered. The district court sentenced Walck on the above charges, and the sentences were ordered to run concurrently with a sentence Walck was serving in North Dakota. Walck appealed, but later dismissed his appeal.

Walck filed a petition for post-conviction relief with a supporting affidavit requesting appointment of conflict-free counsel, a hearing, a jury trial, funds for a private investigator, and "any other just and proper relief to restore my constitutional rights." Walck also filed motions for default judgment, appointment of counsel, and permission to proceed on partial payment of court fees. Walck filed affidavits in support of the motion for appointment of counsel and the motion for permission to proceed on partial payment of court fees. In response, the State filed an answer to Walck's petition for post-conviction relief which argued the matter should be dismissed for failure to state a claim and on the merits. The State also filed a motion to dismiss Walck's motion for default judgment because the motion was frivolous and without merit. Walck answered the State's motion, and the State again responded in opposition to the motion for default judgment.

The district court issued a notice of intent to dismiss. Therein, the court found the post-conviction relief petition was without merit and denied Walck's motion for appointment of counsel:

> Since, as explained below, the petition for post-conviction relief is without merit, this post-conviction proceeding is not one "that a reasonable person with adequate means would be willing to bring at his own expense." *See* I.C. § 19-852(b)(3). Accordingly, the proceeding is frivolous. Therefore, petitioner's motion for appointment of counsel is denied.

Since the State filed a timely answer, the district court found that default would be inappropriate. The court determined no genuine issue of material fact existed because Walck failed to show a reasonable probability of a different outcome, did not present sufficient admissible evidence of prejudice, and provided no factual basis for relief. The district court filed its notice of intent to dismiss Walck's petition for post-conviction relief.

Walck filed an objection and reply to the court's notice of intent and default judgment. The district court entered an order dismissing the petition for post-conviction relief and a judgment in favor of the State. Walck then filed a motion for summary judgment and a motion for a telephonic hearing on the summary judgment motion, a default judgment motion, and a post-conviction constitutional violations motion. The district court addressed all the motions in an order denying reconsideration, and denied all four motions.

2

Walck filed a notice of appeal. While the appeal was pending, Walck filed a motion to withdraw his guilty pleas on the basis of manifest injustices. The district court entered a second order denying reconsideration, in which it denied petitioner's request for court-appointed appellate counsel, denied petitioner's motion to withdraw his guilty pleas, and denied reconsideration of the court's entry of judgment in favor of the State. At issue is Walck's appeal from the district court's final judgment on the grounds that the district court erred in dismissing Walck's petition for post-conviction relief.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible

3

evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

ANALYSIS

Walck makes five arguments on appeal of his petition for post-conviction relief. Walck asserts error due to ineffective assistance of counsel, double jeopardy violations, the State's failure to respond to his petition for post-conviction relief, the district court's dismissal of Walck's motion for default judgment, and the court's denial of Walck's motion to withdraw his guilty pleas. Within his argument regarding default judgment, Walck also claims he was entitled to an evidentiary hearing. The State responds that Walck failed to show the district court erred in summarily dismissing his post-conviction claims, denying his motion for default judgment, and denying his motion to withdraw guilty pleas. We will address Walck's arguments in order.

**A.      Walck Failed to Establish Ineffective Assistance of Counsel**

Walck argues he received ineffective assistance of counsel during the underlying criminal case. Walck asserts his counsel refused to comply with Walck's requests during those proceedings. We cannot find sufficient evidence of either deficient performance by trial counsel or prejudice to Walck; as such, Walck failed to establish his claim of ineffective assistance of counsel.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon guilty pleas, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation,

ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Walck argues his counsel was not effective in his underlying criminal case because his counsel refused to file a motion to change venue. Additionally, Walck explains that in response to his request for a jury trial, the attorney responded there is no money for "useless requests," the evidence was "beyond repair," the case was "highly publicized," and Walck's case was the "worst of crimes committed in the Panhandle of Idaho." Walck also alleges that his counsel stated: "[Y]ou are mentally disturbed and belong incarcerated and sedated daily." As a result, Walck suggests he agreed to plead guilty because he "reached his breaking point" and, therefore, was pressured into the plea deal.

Walck failed to provide an adequate record to establish ineffective assistance of counsel. On appeal, this Court was not provided any transcripts from Walck's criminal case proceedings. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. The district court found there was no genuine issue of material fact regarding ineffective assistance of counsel that would entitle Walck to relief. The district court concluded "the record shows that [Walck] pled guilty freely and voluntarily, affirming to the court that he had not been threatened." Without a record to prove otherwise, we agree with the district court in its finding that Walck failed to show his trial counsel rendered deficient performance and, therefore, Walck cannot establish a claim of ineffective assistance of counsel.

Additionally, Walck similarly failed to meet his burden on his claim that defense counsel was ineffective when it refused to request a venue change or a jury trial. First, the issue is raised for the first time on appeal. Second, the record does not establish when Walck requested the change of venue and whether his trial counsel refused. Even if we assume counsel refused to file Walck's requested motion to change the venue, Walck failed to provide evidence of the prejudicial effect of the failure to file the motion.

Walck also provides several quotations from his trial counsel in support of Walck's ineffective assistance of counsel claim. Walck alleges his defense counsel stated: "[Y]ou are mentally disturbed and belong incarcerated and sedated daily." However, these assertions are not confirmed by any evidence and fail to explain why counsel was ineffective for not taking the

case to a jury trial. Walck failed to demonstrate how his counsel prevented a jury trial. He also provided no evidence to show how a lack of a jury trial demonstrated deficient performance. Therefore, even if this Court accepts the statements as true, Walck did not satisfy his burden of proving ineffective assistance of counsel. Thus, the district court did not err in dismissing this claim.

**B.      Walck Failed to Prove His Sentence Violates Double Jeopardy**

Walck argues he illegally served two sentences for the same crime, claiming on appeal he served a prison sentence in North Dakota and another prison sentence in Idaho for the same crime, the theft of a 2005 Subaru Forester. Walck claims that because the same stolen property resulted in two different sentences, his constitutional rights have been violated under the Double Jeopardy Clause.

Walck failed to demonstrate how the district court erred. The district court explained in its notice of intent to dismiss: "Petitioner claims he is 'serving a sentence twice for the same crime,' but the record shows that he is serving his sentences concurrently for distinct crimes." On appeal, Walck argues: "The conviction and sentencing in North Dakota-Idaho clearly substantiate in sentencing records the validity proof thereof to the State and Federal double jeopardy violation constitutional infringement." However, Walck failed to provide sufficient evidence in support of his double jeopardy claim. His statement regarding the clear proof of the double jeopardy claim is conclusory and the district court was free to disregard Walck's legal conclusion. Walck also failed to provide this Court with the judgment of conviction from the North Dakota case. Because Walck did not provide an adequate record to support his claim, we find no evidence of error in the district court's holding that there was not a double jeopardy violation.

**C.      Walck Failed to Show His Counsel Was Ineffective When Counsel Did Not Consolidate Charges or Ask for a Continuance at Trial**

Walck argues his counsel was ineffective because counsel did not request to consolidate the charges or request a continuance. The record fails to support this claim. As noted above, not only are the transcripts of the underlying proceedings not included in the record, but Walck also failed to support his allegations with sufficient factual information. Walck asserts his counsel failed to consolidate the charges which subjected Walck to additional arrests. However, we cannot determine the accuracy of these claims without an adequate record. We therefore affirm the district court's determination that Walck did not show that "the attorney's representation

failed to meet objective standards of competence or that any prejudice resulted from his counsel's performance."

**D.      The District Court Did Not Err in Finding the State Responded to Walck's Petition for Post-Conviction Relief**

Walck asserts the State did not respond to Walck's post-conviction relief petition in a timely manner, citing I.C. § 19-4906.  In relevant part, I.C. § 19-4906 addresses pleadings and reads as follows:  "Within 30 days after the docketing of the application, or within any further time the court may fix, the state shall respond by answer or by motion which may be supported by affidavits."  The record indicates Walck filed his petition and affidavit for post-conviction relief on November 23, 2015.  The State filed an answer to the petition for post-conviction relief on December 8, 2015.  Walck asserts on appeal that he did not receive the State's reply within thirty days of the date he filed his petition for post-conviction relief.

The district court addressed this issue in part.  In its notice of intent to dismiss, the court explained:   "Petitioner originally alleged that respondent failed to file an answer, but subsequently alleged that he had not received a copy until January 5, 2016.  Respondent's answer was timely filed on December 8, 2015, fifteen days after defendant filed his petition for post-conviction relief."  The district court therefore issued findings with regard to the filing dates of the petitions for the petitioner and respondent.

We affirm the district court.  There is no requirement that Walck must receive the State's reply within thirty days of the filing of the petition.  Instead, the statute requires only that any response to a post-conviction petition is to be filed within thirty days.  Here, the State filed its response well within the thirty-day period, since the answer is clearly time-stamped on December 8, 2015.  Walck failed to establish that the State did not respond within thirty days as required by I.C. § 19-4906[1] or that he suffered any prejudice by receiving the response no later than January 25, 2016.

**E.      The District Court Did Not Err When It Dismissed Walck's Motion for Default Judgment**

The district court did not err in dismissing Walck's motion for default judgment.  Similar to his previous claim, Walck argues he was entitled to default judgment because the State failed

_____

[1]      We note the certificate of service on the State's answer did not contain a mailing date but contained only a signature and the date of filing.  We assume this was an oversight in this particular case and not an on-going practice.

to respond to the aforementioned petition for post-conviction relief. We disagree with Walck for three reasons.

First, as discussed in the previous section, the State responded in a timely fashion to Walck's petition for post-conviction relief. Second, Walck failed to provide authority in support of his position that he was entitled to receive the State's response within thirty days of the filing of the petition. Generally, a party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Walck cites to I.R.C.P 55(a)-(c), 56(a), and 56(g); I.C. § 19-4906; and *Mitchell v. Siqueiros*, 99 Idaho 396, 582 P.2d 1074 (1978). However, none of these sources require a district court to enter default judgment when a State can prove it responded to a petition within thirty days of the filing of the petition, but petitioner did not receive the response within thirty days of the filing of the petition.

Third, case law demonstrates that when a party is untimely in a post-conviction case, default judgment is not a remedy. Idaho Rule of Civil Procedure 55(a)(1), in relevant part, states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the court must order entry of the party's default." We acknowledge that Walck cited to this rule of procedure in his appellate brief. However, this Court has addressed the issue of summary disposition in post-conviction cases, when the State failed to file an answer within thirty days. *Griffin v. State*, 142 Idaho 438, 128 P.3d 975 (Ct. App. 2006) (distinguished on other grounds by *Ariola v. State*, Docket No. 36883, 2011 (Ct. App. Jan. 3, 2011) (unpublished)). Similar to this case, the Court in *Griffin* addressed an occasion in which a post-conviction petitioner argued his allegations should be accepted as true under I.C. § 19-4906 since the State failed to timely respond. *Griffin*, 142 Idaho at 442, 128 P.3d at 979. This Court explained: "Defendants in civil actions may file untimely answers so long as they have not been precluded by an intervening order of default; and a default order may be obtained only by following procedures prescribed in the civil rules." *Id.* at 442-43, 128 P.3d at 979-80. Under this reasoning, since the district court issued no intervening order of default, Walck was not entitled to default judgment. Therefore, the district court did not err when it dismissed Walck's motion for default judgment.

9

**F.      The District Court Did Not Err When It Dismissed Walck's Petition for Post-Conviction Relief and/or Motion for Default Judgment Without an Evidentiary Hearing**

We disagree with Walck's assertion that he was entitled to an evidentiary hearing on the claims in his post-conviction petition. Walck argues on appeal that his case contained a material issue of fact, and thus, the court should have held a hearing on the issue. In support of his assertion, Walck provides the following quotation in his appellate brief: "Disposition on the pleadings and record is not proper if there exists a material issue of fact." Walck also correctly cites to I.C. § 19-4906, which governs the power of a court to dismiss a petition for post-conviction relief. *See Stone v. State*, 108 Idaho 822, 824, 702 P.2d 860, 862 (Ct. App. 1985). This Court has held that a trial court cannot dismiss a petition without a hearing if there exists a material issue of fact. *Daugherty v. State*, 102 Idaho 782, 783, 640 P.2d 1183, 1184 (Ct. App. 1982). However, the converse is also true; a court may dismiss the petition without an evidentiary hearing when a petition for post-conviction relief does not raise material questions of fact which would entitle a petitioner to relief. *Stone*, 108 Idaho at 824, 702 P.2d at 862. This Court addressed the burden of the petitioner in *Drapeau v. State*, 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct. App. 1982), where this Court explained: "[t]o justify an evidentiary hearing in a post-conviction relief proceeding, it is incumbent upon the applicant to tender a factual showing based upon evidence that would be admissible at the hearing."

Here, Walck failed to show he was entitled to an evidentiary hearing. Although Walck asserts there is a genuine issue of material fact, Walck did not support his assertions with the appropriate evidentiary foundation. Walck did not provide reasons why the district court erred when it found no genuine issue of material fact. Furthermore, Walck did not satisfy his burden to provide a factual showing upon evidence that would be admissible at the hearing he requested. Because a court may dismiss a petition if there is no genuine issue of material fact, the district court did not err by dismissing Walck's petition for post-conviction relief without an evidentiary hearing.

**G.      The District Court Did Not Abuse Its Discretion When It Denied Walck's Motion to Withdraw His Guilty Pleas**

Walck argues the district court abused its discretion when it denied his motion to withdraw his guilty pleas. Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*,

110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to ensure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

Here, the issue of withdrawing the guilty pleas is not properly before this Court. In Walck's petition for post-conviction relief, he did not claim his guilty pleas were not knowingly, voluntarily, or intelligently entered. Instead, approximately two months after the district court entered its order dismissing the post-conviction petition, Walck filed a motion to withdraw his guilty pleas, which the district court denied in its second order denying reconsideration. However, a district court does not have jurisdiction to rule on a motion to withdraw a guilty plea after a judgment becomes final. *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *Id.* Here, Walck had only two choices: to timely file a motion to withdraw his guilty pleas in his underlying criminal case or to raise it as a claim in his post-conviction petition. Walck did neither. As such, the district court did not have jurisdiction to rule on the motion, and we decline to address the issue any further. Consequently, Walck's motion to withdraw his guilty pleas is not properly before this Court.

## IV.

## CONCLUSION

For the reasons set forth above, we affirm the district court's final judgment and order dismissing the petition for post-conviction relief.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.

11